# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**GUS THOMPSON,** Individually, and on behalf of himself and other similarly situated current and former employees,

      Plaintiff,

**v.**

**ABM INDUSTRY GROUPS, LLC,** and **ABM JANITORIAL SERVICES, SOUTHEAST, LLC**

      Defendants.

NO. _____

FLSA Opt-In Collective Action

**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Gus Thompson ("Plaintiff"), individually, and on behalf of himself and other similarly situated current and former janitorial employees, brings this collective action against ABM Industry Groups, LLC, and ABM Janitorial Services, Southeast, LLC (collectively "Defendants") and alleges as follows:

## I.
## INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation owed to Plaintiff and other similarly situated janitorial employees who worked for Defendants in commercial buildings owned by Amazon at its Memphis, Tennessee locations via a contractual arrangement between Defendants and Amazon, and who are members of a class as defined herein and currently or previously employed by Defendants.

## II.
## JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendants in this district at all times relevant to this action, Defendants regularly conducted and continue to conduct business in this district, and have engaged and continue to engage in the wrongful conduct alleged herein in this district during all material times in this cause.

## III.
## CLASS DESCRIPTION

4. Plaintiff brings this action on behalf himself and on behalf of the following similarly situated persons:

> All current and former hourly-paid janitorial workers of ABM Industry Groups, LLC and ABM Janitorial Services, Southeast, LLC who worked for Defendants in commercial buildings owned by Amazon at its McLemore and Holmes locations via contractual arrangement with Defendants and Amazon, in the United States at any time during the applicable limitations' period covered by this Collective Action Complaint (i.e. two years for FLSA violations and three years for willful FLSA violations) up to and including the date of final judgment in this

matter, and who is a Named Plaintiff or elects to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively "the class").[1]

## IV.
## PARTIES

5. ABM Industry Groups, LLC, a Delaware limited liability company, has its principal offices located at 14141 Southwest Freeway (Suite 477), Sugar Land, Texas 77478. ABM Industry Groups, LLC is believed to be the ultimate parent company to the other named Defendants. ABM Industry Groups, LLC may be served via its registered agent CT Corporation System at 1300 East 9th Street, Cleveland, Ohio 44114.

6. ABM Janitorial Services, Southeast, LLC was a California limited liability corporation with its principal office located at 1111 Fannin St Ste 1500 Houston, Texas, 77002. ABM Janitorial Services, Southeast, LLC has since been merged with ABM Industry Groups, LLC.

7. Plaintiff Gus Thompson is a resident of this district and was employed by Defendants as an hourly-paid janitorial employee during all times relevant to this action. Plaintiff's Consent to Join this collective action is attached hereto as *Exhibit A*.

## V.
## ALLEGATIONS

8. Defendants provide (and have provided) janitorial and related services to buildings owned by Amazon, throughout the United States - primarily through the labor of their employees, such as Plaintiff and class members within the meaning of 29 U.S.C. § 203, during all times material to this Collective Action Complaint.

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through investigation and discovery.

9. Defendants have employed Plaintiff and class members and were responsible for establishing and administering wage and compensation policies related to them during all times relevant to this action.

10. The decisions regarding the compensation of Plaintiff and the class were made through the centralized management at Defendants' principal offices, under the direction and control of their executives, officers, and human resources personnel.

11. At all times material to this action, Plaintiff and the class have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and who worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

12. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

13. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they have been an enterprise engaged in interstate commerce and their employees have been engaged in interstate commerce.

14. Plaintiff and the class are current or former hourly-paid, non-exempt janitorial employees of Defendants.

15. Defendants have had a timekeeping system for the purpose of recording and accounting for the compensable work time of Plaintiff and the class.

16. Plaintiff and other class members worked over eighty (80) hours in a fifteen-day period and were not paid overtime as required by the FLSA.  The amount paid to Plaintiff and class members makes it mathematically improbable that Plaintiff and class members were paid all of their overtime.

17. On information and belief, Defendants have had a centralized plan, policy, and practice (scheme) of editing compensable work time of Plaintiff and class members including but not limited to:

    a) shifting time worked in one pay period to a subsequent pay period to avoid compensating Plaintiff and class members the proper overtime rate required by the FLSA;

    b) "editing-out/shaving" time records to reflect an amount of work time less than or equal to forty (40) hours within weekly pay periods when Plaintiff and the class worked forty (40) or more hours during such weekly periods during all times material; and

    c) "editing-out/shaving" 30-minute meal breaks when Plaintiff and class members performed work duties during such meal periods and were not provided with uninterrupted time to freely enjoy such 30-minute meal breaks.

18. Plaintiff and class members were not paid at the applicable FLSA overtime compensation rates of pay for such shifted time and "edited-out/shaved" compensable time.

19. The shifted time and "edited out/shaved" claims of Plaintiff and the class were, and are, unified through a common theory of Defendants' statutory violations.

20. Defendants have had a centralized plan, policy, and practice (scheme) of failing to compensate Plaintiff and class members for work performed, including but not limited to, such "off the clock" work as:

    a) requiring, inducing, and suffering and permitting them to clock-out of Defendants' timekeeping system and perform work duties during their daily thirty-minute meal breaks; and

b) permitting Plaintiff and class members to perform janitorial work at FedEx by Forrest Hill and failing to compensate Plaintiff and class members for any of the janitorial work they performed at FedEx.

21. Plaintiff and class members were not paid at the applicable FLSA overtime compensation rates of pay for such "off-the-clock" work time.

22. The "off the clock" claims of Plaintiff and the class were, and are, unified through a common theory of Defendants' statutory violations.

23. As a consequence of Defendants' timekeeping records not reflecting actual hours worked, when the unpaid "off the clock," "edited-out/shaved," and shifted time are added to their recorded time, Plaintiff and other members of the class have not been paid the applicable overtime rate of pay as required by the FLSA, during all times relevant to this action.

24. The net effect of Defendants' aforementioned plan, policy and practice of requiring, inducing, suffering, or permitting, Plaintiff and class members to perform "off-the-clock" work and, "editing out/shaving" their compensable work time, saved Defendants' payroll costs and payroll taxes. As a consequence, Defendants willfully violated the FLSA and, thereby enjoyed ill-gained profits at the expense of Plaintiff and the class.

25. Therefore, Plaintiff and the class are entitled and, hereby seek, a recovery of back pay, liquidated damages, attorneys' fees, interest, and other costs, fees and expenses from Defendants for all such aforementioned "off-the-clock, "edited-out/shaved," and shifted time, as available under the FLSA as it relates to overtime compensation.

26. Although at this stage Plaintiff is unable to state the exact amount owed to him and other members of the class, he believes sufficient information will become available to him through discovery of Defendants' pay and related records. However, when an employer fails to keep

complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

28. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

29. The members of the class are so numerous that joinder of all other members of the class is impracticable. The exact number of the other members of the class is unknown to Plaintiff at this time, and it can only be ascertained through applicable discovery.

30. The claims of Plaintiff are typical of the claims of the class. Plaintiff and other members of the class have performed janitorial services for Defendants and were subject to the same operational, compensation, and timekeeping policies and practices, including not being paid for all the "off-the-clock, "edited-out/shaved," and shifted time at the applicable FLSA overtime rates of pay. As a result, the aforementioned "off-the-clock, "edited-out/shaved," and shifted time claims of Plaintiff and Class Members are unified through common theories of Defendants' FLSA statutory violations.

31. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individuals and include, but are not limited to, the following:

    a) Whether Plaintiff and other members of the class were required to perform work without compensation;

    b) Whether Defendants suffered and permitted Plaintiff and other members of the class to perform work without compensation;

    c) Whether Defendants failed to pay Plaintiff and other members of the class applicable FLSA overtime rate of pay for all hours performed in excess of forty (40) within weekly pay periods during the relevant statutory period;

    d) Whether Defendants "edited-out/shaved" or shifted compensable work time of Plaintiff and other members of the class – to reflect less time than they actually worked.

    e) The correct statutes of limitations for the claims of Plaintiff and other members of the class;

    f) Whether Plaintiff and other members of the class are entitled to damages, including but not limited to, liquidated damages and the measure of damages; and

    g) Whether Defendants are liable for interest, attorneys' fees, and costs.

32. Plaintiff will fairly and adequately protect the interests of the class as his interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class, and Plaintiff has retained competent counsel who are experienced in collective action litigation.

33. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

34. Plaintiff and members of the class have suffered, and will continue to suffer, irreparable damages from the unlawful policies, practices, and procedures implemented by Defendant.

## COUNT I
## FLSA VIOLATIONS
### (On Behalf of the Class)

35. Plaintiff, on behalf of himself and other class members, repeats and re-alleges Paragraphs 1 through 34 above as if they were fully set forth herein.

36. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

37. Pursuant to Defendants' uniform compensation policies and the aforementioned allegations, they have failed to pay Plaintiff and other members of the class the applicable overtime rates of pay as required by the FLSA.

38. Because of Defendants' failure to pay Plaintiff and other members of the class for the aforementioned unpaid "off-the-clock, "edited-out/shaved," and shifted time, Plaintiff and other class members have not received compensation equal to the applicable overtime rates of pay as required by the FLSA.

39. The aforementioned "off-the-clock, "edited-out/shaved," and shifted time claims of Plaintiff and class members' were, and are, unified through common theories of Defendants' FLSA violations.

40. At all times relevant, Defendants have acted without a good faith basis and have had actual, as well as constructive, knowledge of willfully refusing to pay Plaintiff and other members of the class for all the aforementioned unpaid "off-the-clock, "edited-out/shaved," and shifted time.

41. As a result of Defendants' willful failure to compensate Plaintiff and other members of the class at least the applicable FLSA overtime rates of pay rate for all the aforementioned unpaid "off-the-clock, "edited-out/shaved," and shifted time, it has violated and continue to violate the FLSA.  Therefore, Defendants are liable to Plaintiff and class members for all such unpaid wages.

42. Plaintiff and the other members of the class are therefore entitled, and hereby seek, to recover compensation for overtime compensation and an additional amount as liquidated damages,

together with interest, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, on behalf of himself and all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action on behalf of Plaintiff and the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action.

B. An award of compensation for unpaid overtime compensation to Plaintiff and other members of the class at the applicable overtime rate of pay, as required by the FLSA;

C. An award of liquidated damages to Plaintiff and other members of the class;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action; and

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and class members demand a **TRIAL BY JURY** on all issues so triable.

Dated: July 12, 2019 　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　*s/Gordon E. Jackson*
　　　　　　　　　　　　　　　　　　　　Gordon E. Jackson (TN BPR #08323)
　　　　　　　　　　　　　　　　　　　　J. Russ Bryant (TN BPR #33830)
　　　　　　　　　　　　　　　　　　　　Robert E. Turner, IV (TN BPR #35364)
　　　　　　　　　　　　　　　　　　　　Robert E. Morelli, III (TN BPR #037004)
　　　　　　　　　　　　　　　　　　　　**JACKSON, SHIELDS, YEISER & HOLT**
　　　　　　　　　　　　　　　　　　　　Attorneys at Law
　　　　　　　　　　　　　　　　　　　　262 German Oak Drive
　　　　　　　　　　　　　　　　　　　　Memphis, Tennessee 38018
　　　　　　　　　　　　　　　　　　　　Tel: (901) 754-8001
　　　　　　　　　　　　　　　　　　　　Fax: (901) 759-1745
　　　　　　　　　　　　　　　　　　　　*gjackson@jsyc.com*
　　　　　　　　　　　　　　　　　　　　*rbryant@jsyc.com*
　　　　　　　　　　　　　　　　　　　　*rturner@jsyc.com*
　　　　　　　　　　　　　　　　　　　　*rmorelli@jsyc.com*

　　　　　　　　　　　　　　　　　　　　*Attorneys for the Named Plaintiff, on behalf of himself and all other similarly situated current and former employees*